45 F.3d 430
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 DETROIT NEWSPAPER AGENCY, Plaintiff-Appellant,
v.
NEWSPAPER DRIVERS AND HANDLERS, TEAMSTERS LOCAL NO. 372,
Defendant-Appellee.
 No. 93-2036.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1994.
 
 Before: MILBURN, RYAN and NORRIS, Circuit Judges.
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 This is an appeal from the district court's order of summary judgment, affirming a labor arbitration award. For the reasons that follow, we affirm.
 
 
 2
 Plaintiff, Detroit Newspaper Agency (DNA), is a newspaper distributor that employs members of defendant union, Newspaper Drivers and Handlers, Teamsters Local No. 372 (the union). In early 1991, DNA halved the hours for which a category of union employees, part-time "jumpers," would be scheduled to work. The union filed a grievance, arguing that DNA's action violated the collective bargaining agreement between DNA and the union. The parties submitted the dispute to arbitration.
 
 
 3
 During the arbitration hearing, the union, in addition to objecting to DNA's scheduling action, alleged that DNA had sometimes failed to provide a jumper for routes carrying more than 175 bundles of newspapers, in violation of Sec. 25(g) of the collective bargaining agreement. During the hearing, DNA focused exclusively on the part-time jumper scheduling issue; in its post-hearing brief, however, DNA extensively argued the merits of the Sec. 25(g) issue. DNA did not ever object that the Sec. 25(g) issue was beyond the scope of the issue submitted to the arbitrator. The arbitrator issued an opinion and award. After ruling that DNA had not breached the collective bargaining agreement by reducing the work hours of part-time jumpers, the arbitrator found that DNA had violated Sec. 25(g) of the collective bargaining agreement by failing to provide a jumper for some routes carrying more than 175 bundles.
 
 
 4
 DNA brought this action, alleging that the arbitrator, by considering the Sec. 25(g) issue, exceeded the authority granted to him by the collective bargaining agreement by exceeding the scope of the issue submitted to him. The district court concluded that DNA had waived this argument by failing to assert it during arbitration. The district court also rejected DNA's contention that the arbitrator erred in his decision on the merits of the Sec. 25(g) issue. The district court thus granted the union's summary judgment motion. DNA appeals.
 
 
 5
 In reviewing a district court's grant of summary judgment, we proceed de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate if there are no factual disputes and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Here, the facts are not disputed.
 
 
 6
 DNA's main argument is that the arbitrator exceeded his authority, derived from the collective bargaining agreement, by addressing an issue beyond the scope of the issue submitted for arbitration. The union responds that DNA, by its conduct in the arbitration proceedings, waived this argument. One who fails to object promptly to procedural errors made at an arbitration hearing waives the right to later assert those errors. National Post Office Mailhandlers v. United States Postal Serv., 751 F.2d 834, 841-42 n. 4 (6th Cir.1985). "[D]efects in proceedings ... during arbitration may be waived by a party's acquiescence in the arbitration with knowledge of the defect." Order of Ry. Conductors and Brakemen v. Clinchfield R.R. Co., 407 F.2d 985, 988 (6th Cir.), cert. denied, 395 U.S. 841 (1969). The union raised the Sec. 25(g) issue several times during the hearing, and DNA failed to object to its consideration. Moreover, DNA devoted nearly half of its post-hearing brief to the merits of the issue and failed to object that the issue was not properly before the arbitrator. DNA, by its actions during arbitration, acquiesced to the arbitrator's decision to consider the Sec. 25(g) issue and thereby waived its right to argue that the arbitrator exceeded his authority by considering that issue.
 
 
 7
 Furthermore, even had DNA not waived this argument, it is not at all clear that the arbitrator exceeded the scope of the issue submitted for arbitration. "[T]he extraordinary deference given to an arbitrator's ultimate decision on the merits applies equally to an arbitrator's threshold decision that the parties have indeed submitted a particular issue for arbitration...." Champion Int'l Corp. v. United Paperworkers Int'l Union, 779 F.2d 328, 335 (6th Cir.1985). To prevail on its contention, DNA must establish that the "arbitrator has clearly exceeded the scope of the submission." Id. The part-time jumper scheduling issue and the Sec. 25(g) issue are closely related; the reduction in the scheduling of part-time jumpers was accomplished in part by not providing jumpers for some routes carrying more than 175 bundles. When one considers the fact that the parties failed to stipulate an issue to be resolved in the arbitration, it is difficult to say that the arbitrator clearly exceeded the scope of the submission by reaching the Sec. 25(g) issue.
 
 
 8
 DNA also argues that, assuming that the arbitrator did not err by reaching the Sec. 25(g) issue, the arbitrator erred by concluding that DNA had breached Sec. 25(g). An arbitrator's award resting on his reading of a collective bargaining agreement should be vacated on judicial review if the award fails to "draw[ ] its essence from" the contract. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Id. Our prior cases give full force to Misco's command of deference. E.g., Local 120, Int'l Molders & Allied Workers Union, AFL-CIO v. Brooks Foundry, Inc., 892 F.2d 1283, 1289 (6th Cir.1990). The arbitrator's decision that DNA breached Sec. 25(g), especially when viewed with the appropriate deference, clearly draws its essence from the contract.
 
 
 9
 Finally, because DNA's positions have some legal support and are not wholly meritless, we affirm the district court's denial of the union's prayer for litigation costs.
 
 
 10
 For the reasons noted, the union is entitled to judgment as a matter of law. The district court's order is therefore affirmed.